UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CONNIE S. SCRUGGS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LINDA S. McMAHAN, )<br>Acting Commissioner )<br>of Social Security, )<br>)<br>Defendant. ) | 3:06-CV-325<br>(VARLAN/GUYTON) |

# REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's Motion For Judgment On The Pleadings To Reverse The Commissioner's Decision [Doc. 12], and the defendant's Motion For Summary Judgment. [Doc. 13]. Plaintiff Connie Scruggs seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

The ALJ made the following findings:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through March 31, 2005.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's mild disc bulging at the L4-5 level of the spine, mild degenerative changes in the right knee, shoulder pain, morbid obesity, status-post gastric by pass surgery, diabetes, hypertension, tachycardia, status-post right carpal tunnel release surgery, depression, anxiety, and a pain disorder are considered "severe" based on the requirements in the Regulations 20 C.F.R. § 404.1520(c) and 416.920(c).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the residual functional capacity: to lift and carry 20 pounds occasionally or 10 pounds frequently; sit for about 6 hours out of an 8 hour day or stand and walk for about 90 minutes each out of any 8 hour day, but not more than 30 minutes continuously. The claimant cannot perform more than occasional stooping, bending, crouching, crawling, kneeling, balancing or climbing of ramps, and stairs, or any climbing of ladders, ropes, or scaffolds. She can not perform more than occasional overhead reaching with either arm and can not have any exposure to work hazards such as unprotected heights or moving machinery or to temperature extremes. The claimant is unable to perform detailed tasks, but has no problems

with simple tasks. She is unable to relate to the public, but has no problems with supervisors and co-workers. She is able to adapt to simple tasks.

7. The claimant is unable to perform any of her past relevant work (20 C.F.R. §§ 404.1565 and 416.965).

8. The claimant is a "younger individual between the ages of 18 and 44" (20 C.F.R. §§ 404.1563 and 416.963).

9. The claimant has a "high school (or high school equivalent) education" (20 C.F.R. §§ 404.1564 and 416.964).

10. The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 C.F.R. §§ 404.1568 and 416.968).

11. The claimant has the residual functional capacity to perform a significant range of light work (20 C.F.R. §§ 404.1567 and 416.967).

12. Although the claimant's exertional limitations do not allow her to perform the full range of light work, using Medical-Vocational Rules 201.28 and 202.21 as a framework for decision making, as well as the testimony of the vocational expert, there are a significant number of jobs in the national economy that she could perform. Examples of such jobs include work as the following jobs in the state and national economies: office helper, numbering 2293 in the state economy and 141,687 in the national economy; laundry folder, numbering 6,233 in the state economy; and 83,698 in the national economy; and textile checker, numbering 1467 in the state economy and 41,087 in the national economy.

13. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

(Tr. 23-24).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir. 1987). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986).

Plaintiff argues that the ALJ erred in finding that she retained the residual functional capacity to perform a significant range of light work, because the ALJ gave "little weight" to the opinions of plaintiff's treating physician. Plaintiff argues that Robert Martin, a nurse practitioner, and Dr. Kevin Buchanan issued a "joint opinion" (Tr. 289-291), finding severe limitations which, if given controlling weight by the ALJ, would have resulted in a finding of disability and the award of benefits.

The Commissioner asserts that substantial evidence supports the ALJ's residual functional capacity finding for light work[1]. The Commissioner argues that this finding was

---
[1] Light work requires lifting and carrying 20 pounds occasionally and 10 pounds frequently. See 20 C.F.R. §§ 404.1567(b) and 416.967(b).

consistent with the opinions rendered by several consulting and reviewing doctors, and further, that the "joint opinion" of Robert Martin, a nurse practitioner[2] and Dr. Buchanan was not entitled to great weight.

A summary of the evaluations, reviews and opinions relied upon by the Commissioner is as follows:

In September, 2003, consultative examiner Dr. Joseph Johnson examined the plaintiff and found that she should be able to sit for more than six hours in an eight-hour day, stand and walk for ninety minutes during an eight-hour day, using her cane most of the time, routinely lift ten pounds, and occasionally lift twenty pounds (Tr. 237).

In October, 2003, consultative psychological examiners Joelle Burkett, M.A., and Jodie Costelloni, Ph.D. concluded that the plaintiff had no significant limitations in her ability to understand and remember, or interact socially (Tr. 248-49). The plaintiff was capable of following all instructions, and remembering simple instructions. The examiners found that plaintiff's depressive symptoms might at times interfere with her ability to adapt and sustain concentration and persistence (Tr. 248-49).

In November 2003, William Regan, M.D., a state agency reviewing doctor, opined that despite her mental impairments, plaintiff retained the ability to perform simple tasks that did not require her to relate to the public (Tr. 251-53).

---

[2]Nurse Practitioner Martin was incorrectly identified as "Dr. Robert Martin", "Robert Martin, M.D." and "Claimant's primary treating physician" throughout plaintiff's Brief [Doc. 12-2].

In December 2003, W.W. Sanders, M.D., a state agency reviewing doctor, concluded that plaintiff retained the ability to perform work involving: lifting and carrying up to ten pounds occasionally and less than ten pounds frequently; standing and/or walking at least two hours in an eight-hour workday; sitting about six hours in an eight hour workday; no climbing ladders, ropes, or scaffolds; only occasional balancing, stooping, kneeling, crouching, crawling, and climbing of ramps and stairs; no concentrated exposure to extreme cold, extreme heat, vibration, or respiratory irritants; and no exposure to hazards (Tr. 269-76).

In an undated letter, Mr. Martin and Dr. Buchanan, who treated plaintiff, wrote that plaintiff could sit, communicate, and walk for short distances, but she could not perform work that involved extensive walking, lifting, or overhead reaching (Tr. 308). In July 2004, Mr. Martin and Dr. Buchanan, apparently jointly, completed a "Medical Opinion Form," on which they concluded that plaintiff was unable to perform even sedentary work on a sustained basis (Tr. 289-91).

Plaintiff has the burden of proving her entitlement to benefits. Boyes v. Secretary of Health and Human Services, 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)). I find that in the present case the plaintiff has not met that burden.

First, the medical opinions support the ALJ's residual functional capacity ("RFC") finding for light work. Dr. Johnson, a consultative examiner, and Dr. Regan, a state agency reviewing doctor (Tr. 237, 253), provided the ALJ with well-supported opinions. 20 C.F.R. § 416.927(f)(2)(i) ("State agency medical and psychological consultants are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation"). Rice

6

v. Barnhart. 384 F.3d 363, 370 (7th Cir. 2004) (ALJ was entitled to rely on the opinions of state agency doctors).

The opinion of Dr. Sanders, a state agency reviewing doctor, provided further support for the ALJ's RFC finding. Dr. Sanders agreed that plaintiff could perform work that involved: limited standing and walking; sitting for up to six hours; no climbing ladders, ropes or scaffolds; only occasional postural activities; and no exposure to hazards or temperature extremes (Tr. 269-76). The Commissioner correctly notes that the plaintiff could lift and carry ten pounds frequently and twenty pounds occasionally, based on Dr. Johnson's observation that the plaintiff could lift these weights. The plaintiff also testified that she could lift up to twenty pounds (Tr. 520).

With regard to the plaintiff's psychological state, the plaintiff argues that consultative psychological examiners Burkett and Costelloni found that plaintiff's depression might at times interfere with her ability to adapt and sustain concentration and persistence. These examiners, however, did not say that the plaintiff could not work (Tr. 248-49). Also, the ALJ did consider their findings as the ALJ made his conclusion on plaintiff's RFC. The ALJ is supported by the record evidence. The plaintiff was prescribed medication by her doctors for her mental impairments, but she did not require therapy or aggressive treatment. The plaintiff displayed good concentration during examination (Tr. 248). The ALJ's RFC findings in this area clearly are supported by substantial evidence.

As to physical capability, plaintiff argues that consulting examiner Dr. Johnson opined that plaintiff should use her cane most of the time. While Dr. Johnson did say that plaintiff should use her cane most of the time, he still found that plaintiff could perform activities consistent

with the ALJ's RFC finding - namely, lifting and carrying ten pounds frequently and twenty pounds occasionally, and standing and walking for ninety minutes during an eight-hour workday (Tr. 19, 237). Dr. Sanders reviewed Dr. Johnson's report, and he concluded that plaintiff did not need to use a cane to ambulate (Tr. 270). As such, the Commissioner argues, and I find that the ALJ's RFC finding is supported by substantial evidence.

As to Mr. Martin, he is a nurse practitioner, not a medical doctor (Tr. 308). A nurse practitioner is not an acceptable medical source and as such, can not render a medical opinion. See 20 C.F.R. § 404.1513(d)(1) (a nurse practitioner is not an acceptable medical source); 20 C.F.R. § 404.1527(a)(2) ("Medical opinions are statements from. . . .acceptable medical sources"). Moreover, the ALJ noted that the extreme limitations contemplated by Mr. Martin and Dr. Buchanan were not consistent with the objective medical evidence, findings from MRI scans and x-rays, plaintiff's conservative pain management, or her reported activities, which included caring for disabled family members and performing household chores (Tr. 16-20). As such, the ALJ reasonably did not afford great weight to the opinions from Mr. Martin or Dr. Buchanan. Foster v. Halter, 279 F.3d 348, 356 (6th Cir. 2001) (ALJ reasonably did not credit treating source opinion that was neither explained nor supported by medical or clinical findings).

The ALJ may not assign controlling weight to a treating physician's opinion unless the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2); SSR 96-2p; Walters v. Commissioner of Social Security, 127 F.3d 525, 530 (6th Cir. 1997). The ALJ

reasonably concluded that the "joint opinion" by Dr. Buchanan and Mr. Martin did not satisfy this standard.

Accordingly, I find that the ALJ properly reviewed and weighed all of the medical source opinions, the objective medical findings, and plaintiff's credibility to determine that she could perform a range of light work (Tr. 23). Substantial evidence supports the ALJ's findings and conclusions. Therefore, it is hereby **RECOMMENDED**[3] that the plaintiff's Motion For Judgment On The Pleadings To Reverse The Commissioner's Decision [Doc. 12] be **DENIED** and that the Commissioner's Motion For Summary Judgment [Doc. 13] be **GRANTED**.

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[3] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).